# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Debra Steiner,

        Plaintiff,

v.                                                    Case No. 13-2425-JWL

AB May Company,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff Debra Steiner filed suit against defendant AB May Company, her former employer, alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. With respect to her retaliation claim, plaintiff alleges in her complaint that defendant removed payroll responsibilities from plaintiff's assigned duties, transferred plaintiff to work under Dale Kirby and terminated plaintiff's employment in retaliation for her complaints of sexual harassment and pay disparities. Defendant moves to dismiss plaintiff's retaliation claim to the extent that claim is based on defendant's removal of payroll responsibilities from plaintiff's assigned duties and transferring plaintiff to a different supervisor. According to defendant, dismissal of these aspects of plaintiff's retaliation claim is required because plaintiff failed to exhaust her administrative remedies with respect to these allegedly retaliatory acts by failing to include these allegations in her administrative charge. Plaintiff concedes in her response that the court lacks jurisdiction over her allegation concerning defendant's removal of payroll responsibilities from plaintiff's job duties but urges that she has exhausted her administrative remedies with respect to the transfer claim.

Under Title VII, a plaintiff must exhaust his or her administrative remedies before filing suit. *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Generally, a plaintiff must file a charge of discrimination with respect to each discrete instance of discrimination or retaliation. *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012). In determining whether a plaintiff has exhausted administrative remedies with respect to a specific claim, the court's inquiry is limited to the "scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discrimination and retaliatory actions underlying each claim." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

In the administrative phase of this case, plaintiff filed a charge of discrimination with the EEOC on June 7, 2012. In its entirety, plaintiff's charge of discrimination states as follows:

> I believe I have been subjected to sexual harassment and retaliated against for opposing sexual harassment. During my employment, I was subjected to unwanted sexual comments. I complained in January 2012 and February 2012 regarding sexual harassment. On April 11, 2012, I was terminated due to a purported reorganization.

Plaintiff concedes that her charge does not expressly include a claim of retaliation based on defendant's decision to transfer her to another supervisor but urges that the claim has been exhausted because it is "reasonably related" to the allegations in her charge. This argument is rejected and the claim was clearly not raised at the administrative level. The "reasonably related" exception to administrative exhaustion is all but defunct now, but even at its height did not apply to acts or claims occurring prior to the filing of the charge of discrimination. *See Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *National R.R. Passenger Corp.*

*v. Morgan*, 536 U.S. 101 (2002) (each discrete claim must be the subject of a charge)); *Welsh v. City of Shawnee*, 1999 WL 345597, at * 3 (10th Cir. June 1, 1999) (claims falling within the reasonably related exception arise after filing of charge); *Simms v. Oklahoma ex rel. Dept. of Mental Health & Subs. Abuse Servs.*, 165 F.3d 1321, 1327–28 (10th Cir. 1999) (plaintiff did not qualify for reasonably related exception where claims were based on facts that occurred prior to the filing of his last charge). Plaintiff alleges in her complaint that defendant transferred her to work under Dale Kirby in March 2012, before plaintiff filed her charge of discrimination. Thus, because there are no facts or allegations contained in plaintiff's charge concerning the transfer of plaintiff to a different supervisor, the court lacks jurisdiction over the claim and it is dismissed.

Defendant also contends that plaintiff has failed to exhaust any retaliation claim based on her informal complaints about pay disparities in the workplace because her charge is limited to informal complaints about sexual harassment. Plaintiff has not addressed this argument in her response and appears to concede that she may not now contend that she was retaliated against for other activity in addition to her complaints of sexual harassment. In any event, the court concludes that plaintiff has failed to exhaust a retaliation claim stemming from complaints of pay disparities in the workplace. In her charge, plaintiff expressly limited her protected activity to include only complaints about sexual harassment. Thus, the investigation called for by the language of plaintiff's charge is obvious and limited—to see whether defendant had retaliated against plaintiff for making complaints about sexual harassment. *See Nettle v. Central Oklahoma American Indian Health Council, Inc.,* 334 Fed. Appx. 914, 920 (10th Cir. 2009). If plaintiff believed she was retaliated against for other activity—for making complaints about pay

disparities—then she needed to have included that allegation in her charge. *See id*. Defendant's motion is granted in this respect.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for partial dismissal (doc. 12) is granted.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2014, at Kansas City, Kansas.

            s/ John W. Lungstrum
            John W. Lungstrum
            United States District Judge